**POULIN | WILLEY | ANASTOPOULO, LLC**
Eric M. Poulin (CA Bar No. 298476)
Eric.poulin@poulinwilley.com
Roy T. Willey, IV (*Pro Hac Vice* Forthcoming)
roy@poulinwilley.com
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HOLLY RICKETSON, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MATTEL, INC.,**<br><br>**Defendant** | Case No.  2:24-cv-10389<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION COMPLAINT FOR:**<br>**(1) UNJUST ENRICHMENT**<br>**(2) NEGLIGENCE**<br>**(3) BREACH OF EXPRESS WARRANTY**<br>**(4) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br>**(5) VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT**<br>**(6) VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW**<br>**(7) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")** |

Plaintiff Holly Ricketson ("Plaintiff") brings this Complaint against Defendant, Mattel, Inc., ("Defendant" or "Mattel") individually and on behalf of all others similarly situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this class action lawsuit on behalf of herself, and all others similarly situated who purchased Defendant's Wicked Dolls, (collectively herein "the Products").

2.    Unfortunately, the Products, as advertised for children ages 4 and above, are unfit for their intended use because they were printed with a link to a pornographic website.

3.    The Products were formulated, designed, manufactured, advertised, sold, and distributed by Defendant or its agents, to consumers, including Plaintiff, across parts of the United States.

4.    Plaintiff and consumers did not know, and did not have a reason to know, that the Products purchased would contain access to such an inappropriate web link given that product was advertised for ages 4 years and above. Parents and consumers expect the Products they purchase to coincide with the age appropriateness labeled on them.

5.    Other manufacturers formulate, produce, and sell similar products without pornography websites printed on them. This is evidence that the risk inherent with Defendant's Products is demonstrably avoidable.

6.    Defendant issued a recall for the dolls, pulling them from store shelves and issuing an apology, but did not offer any refund for consumers who had already purchased the dolls such as Plaintiff and the putative class members as plead herein.

7.    Because Plaintiff was injured by the Products and all consumers purchased the worthless Products, which they purchased under the presumption that the Products were appropriate, they have suffered losses.

8.    As a result of the above losses, Plaintiff seeks damages and equitable remedies.

## PARTIES

9.      Plaintiff Holly Ricketson is a resident and citizen of Edgefield County, South Carolina.

10.      Defendant Mattel, Inc. is a Delaware corporation with its principal place of business at 333 Continental Blvd., El Segunda, California 90245.

11.      Upon information and belief, the planning and execution of the labeling and packaging concerning the Products, and the claims alleged herein was primarily carried out at Defendant's headquarters and facilities within El Segunda, California.

## JURISDICTION AND VENUE

12.      This Court has subject jurisdiction over this matter pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (1) there are 100 or more putative Class Member, (ii) the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (iii) there is minimal diversity because Plaintiff and Defendant are citizens of different states.

13.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

14.      This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself to the laws, rights, and benefits of the State of California and maintains its principal place of business in this judicial District.

15.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a)(1) because many Class Members reside in the Central District of California, and throughout the state of California. A substantial part of the events or omissions giving rise to the Classes' claims occurred in this district. Moreover, Defendant maintains its principal place of business in this district.

## **FACTUAL ALLEGATIONS**

16.    Plaintiff re-alleges and incorporate by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

17.    "Wicked," a movie starring Cynthia Erivo and Ariana Grande, is the cinematic version of the Broadway musical with the same name and is getting ready to premiere in theaters nationwide on Nov. 22.

18.    In preparation for its debut, stores were stocking their shelves with merchandise based on the film.

19.    Among such merchandise were 11-inch "Fashion Dolls" based on the movie's main characters.



20.    Unfortunately, these Dolls were packaged in boxes with an inexcusable error.

21.    Specifically, Defendant's packaging contained a website link, "Wicked.com," which directed visitors to a pornography site rather than a site about the movie or doll itself.



22.    On or about November 11, 2024, Plaintiff purchased a Wicked Doll for her minor daughter.

23.    After opening the box that contained the Wicked Doll, Plaintiff's minor daughter used an iPhone to visit the website shown on Defendant's packaging.

24.    To her absolute shock the website, "Wicked.com", had nothing to do with the Wicked Doll. Rather, Wicked.com pasted scenes of pornographic advertisements across her phone screen.

25.    These scenes were hardcore, full on nude pornographic images depicting actual intercourse, and can be available for an *in-camera* review by the court as necessary.

26.    Plaintiff's minor daughter immediately showed her mother the photographs and both were horrified by what they say.

27.    If Plaintiff had been aware of such an inappropriate defect in the Product, she would not have purchased it.

28.     As a result of Defendant's actions, Plaintiff has incurred damages.

29.     Plaintiff seeks to recover damages because the Products are adulterated, worthless, and unfit for its intended and advertised age-appropriate audience.

30.     Defendant issued a recall of the Products on November 11, 2024, but failed to include a full or partial refund to consumers.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this case as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and or 23(c)(4), individually, and as the Class representatives on behalf of the following:

**Nationwide Class:** All persons within the United States who purchased Defendant's Wicked Doll with the pornographic website on it.

32.     The Nationwide Class shall collectively be referred to herein as the "Class."

33.     Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

34.     Excluded from the Class are governmental entities, Defendant, its officers, directors, affiliates, legal representatives, and employees.

35.     This action has been brought and may be maintained as a class action under Federal Rule of Civil Procedure 23.

36.     **Numerosity** – Federal Rule of Civil Procedure 23(a)(1). The Class numbers at least in the thousands of persons. As a result, joinder of all Class Members in a single action is impracticable. Class Members may be informed of the pendency of this class action through a variety of means, including, but not limited to, direct mail, email, published notice, and website posting.

37.    **Existence and Predominance of Common Questions of Law and Fact** – Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3). There are questions of fact and law common to the Class that predominate over any question affecting only individual members. Those questions, each of which may also be certified under Rule 23(c)(4), include without limitation:

    a.    Whether Defendant negligently failed to exercise reasonable care in the packaging, labeling, distribution, and/or sale the Products;

    b.    Whether Defendant was negligent in its labeling of the Products;

    c.    Whether Defendant was negligent for its failure to catch the labeling error;

    d.    Whether Defendant's Products were merchantable; and

    e.    Whether Defendant was unjustly enriched by sales of the Products.

38.    The questions set forth above predominate over any questions affecting only individual persons concerning sales of Defendant's Products throughout the United States and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to the other available methods for the fair and efficient adjudication of Plaintiff's claims.

39.    **Typicality** – Federal Rule of Civil Procedure 23(a)(3). Plaintiff's claims are typical of those of the Class in that the Class Members uniformly purchased Defendant's Products and were subjected to Defendant's uniform merchandising materials and representations at the time of purchase.

40.    **Superiority** – Federal Rule of Civil Procedure 23(b)(3). A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class Members to protect their interests. In addition, it would be impracticable and undesirable for

each member of the Class who suffered an economic loss to bring a separate action. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class Members.

41.    **Adequacy** – Federal Rule of Civil Procedure 23(a)(4). Plaintiff is adequate representatives of the Class because she is a member of the Class, and her interests do not conflict with the interests of the Class that she seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and undersigned counsel.

42.    **Insufficiency of Separate Actions** – Federal Rule of Civil Procedure 23(b)(1). Absent a representative class action, members of the Class would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. The proposed Class thus satisfies the requirements of Fed. R. Civ. P. 23(b)(1). Counsel is experienced in the litigation of civil matters, including the prosecution of consumer protection class action cases.

43.    **Declaratory and Injunctive Relief** – Federal Rule of Civil Procedure 23(b)(2). Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class Members as described below, with respect to the members of the Class as a whole. In particular, Plaintiff seeks to

certify the Class to enjoin Defendant from selling or otherwise distributing the Products as labeled until such time that Defendant can demonstrate to the Court's satisfaction that the Products are otherwise appropriate to redistribute.

44.     Additionally, the Class may be certified under Rule 23(b)(1) and/or (b)(2) because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

c. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT I
**Unjust Enrichment**

45.     Plaintiff incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

46.     Plaintiff, and the other members of the Class, conferred benefits on Defendant in the form of monies paid to purchase Defendant's worthless

Products. These monies were not gifts or donations but were given in exchange for the Products.

47.     Defendant voluntarily accepted and retained these benefits.

48.     Because this benefit was obtained unlawfully, namely by selling and accepting compensation for Products unfit for distribution to the advertised age range, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

49.     Defendant received benefits in the form of revenues from purchases of the Products to the detriment of Plaintiff, and the other members of the Class, because Plaintiff, and members of the Class, purchased mislabeled products that were not what Plaintiff and the Class bargained for and were not age appropriate, as claimed.

50.     Defendant has been unjustly enriched in retaining the revenues derived from the purchases of the Products by Plaintiff and the other members of the Class. Retention of those monies under these circumstances is unjust and inequitable because Defendant's labeling of the Products was misleading to consumers, which caused injuries to Plaintiff, and members of the Class, because they would have not purchased the Products had they known the true facts.

51.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Nationwide Class for its unjust enrichment, as ordered by the Court.

## COUNT II
### Negligence

52.     Plaintiff incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

53.    Defendant owed a duty to consumers to produce a product that was appropriate for its intended users as young as age 4 as advertised.

54.    Defendant breached this duty by producing a Product that was highly offensive and inappropriate for its intended users. Defendant knew or should have known that such an oversight in labeling would cause injuries once exposed to its target audience and thus be worthless as an appropriate-to-use Product.

55.    As a direct result of this breach, Plaintiff suffered injury in that Plaintiff and her minor daughter have experienced emotional distress. Plaintiff has also suffered injury in that she has been deprived of her benefit of the bargain. Plaintiff's injuries were caused in fact by Defendant's breach. But for Defendant's negligent labelling and improper oversight, Plaintiff would not have been injured.

56.    Further, Plaintiff's injuries were proximately caused by Defendant's breach. It is foreseeable that a link to pornography printed on a children's Doll packaging would cause injury, and it is foreseeable that a user would lose their benefit of the bargain if they purchased such Products.

57.    Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages, and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## <u>COUNT III</u>
### Breach of Express Warranty

58.    Plaintiff incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

59.    Plaintiff brings this count on behalf of herself and the Classes.

60. Plaintiff and other Class Members formed a contract with Defendant at the time they purchased their Wicked Doll. The terms of the contract include the promises and affirmations of fact and express warranties made by Defendant.

61. Under the UCC, the terms of the contract include the promises and affirmations of fact made by Defendant on the Wicked Doll's packaging and through marketing and advertising, as described above.

62. This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain and are part of the standardized contract between Plaintiff and the members of the Class and Defendant.

63. As set forth above, Defendant purports through its advertising, labeling, marketing, and packaging, to create an express warranty that the Wicked Dolls are appropriate and safe for their intended use as a children's toy. Plaintiff and the members of the Class performed all conditions precedent to Defendant's liability under this contract when they purchased the Wicked Doll.

64. Defendant breached express warranties about the Wicked Doll and their qualities because Defendant's Wicked Doll contained defects and the Wicked Dolls do not conform to Defendant's affirmations and promises described above.

65. Plaintiff and each of the members of the Class would not have purchased the Wicked Dolls had they known the true nature of the Defect.

66. As a result of Defendant's breach of warranty, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

67.    Plaintiff suffered injury through Defendants conduct in that she suffered economic loss and purchased a Wicked Doll that is now worthless and inappropriate.

68.    Plaintiff also suffered economic loss in reference to the value of her Wicked Doll.

## COUNT IV
### Breach of Implied Warranty of Merchantability

69.    Plaintiff incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

70.    Plaintiff brings this count on behalf of herself and the Class.

71.    Defendant is a merchant and was at all relevant times involved in the distributing, warranting, and/or selling of the Wicked Dolls.

72.    The Wicked Dolls are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Wicked Dolls, as goods, were purchased.

73.    Defendant entered into agreements with consumers to sell the Wicked Dolls to be used by Plaintiff and Class Members for personal use.

74.    The implied warranty of merchantability included with the sale of each Wicked Doll means that Defendant guaranteed that the Wicked Dolls would be fit for the ordinary purposes for which dolls and children's toys are used and sold and were not otherwise injurious to consumers. The implied warranty of merchantability is a critical part of the basis for the benefit of the bargain between Defendant, Plaintiff, and the Class Members.

75.    Defendant breached the implied warranty of merchantability because the Wicked Dolls are not fit for their ordinary purpose of being a safe and appropriate toy for children aged four and above. After all, Defendant did not

indicate that the Wicked Doll would contain a defect that would result in young children being exposed to inappropriate pornographic content.

76.    Given that Plaintiff and Class Members are unable to safely use the Wicked Dolls without risk of children being exposed to inappropriate pornographic content, the Wicked Dolls are not fit for their particular purpose.

77.    Defendant's warranty expressly applies to the purchaser of the Wicked Dolls, creating privity between Defendant and Plaintiff and Class Members.

78.    Privity is not required because Plaintiff and Class Members are the intended beneficiaries of Defendant's warranties and sales. Defendant's warranties were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

79.    Defendant had been provided sufficient notice of its breaches of implied warranties associated with the Wicked Dolls. Defendant was put on actual notice of its breach through its review of consumer complaints.

80.    Had Plaintiff, Class Members, and the consuming public known that the Wicked Dolls would contain links to pornographic websites, they would not have purchased the Wicked Dolls or would have paid less for them. To reiterate, had Plaintiff and Class Members known of the Defect, they would not have purchased the Wicked Dolls.

81.    As a direct and proximate result of the foregoing, Plaintiff and the Classes suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

82.    Plaintiff suffered injury in that she purchased a doll that is worthless. For all intents and purposes, Plaintiff's doll is now a notoriously inappropriate product.

83.    Plaintiff also suffered economic loss in reference to the value of her doll.

84.    Plaintiff has suffered damages in that Plaintiff has been inconvenienced by Defendant's recall because Plaintiff did not bargain for, or pay for, a doll that was inappropriate for children ages four and above.

## COUNT V
### Violation of California's Consumers Legal Remedies Act California Civil Code § 1750, et seq.

85.    Plaintiff incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

86.    Plaintiff brings this count on behalf of herself and the Class pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.

87.    The Products are "good[s]" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff and members of the Class constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

88.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . . ." By representing the Product as approved for children ages four and above on the front label of the Products, Defendant has represented and continues to represent that the Products have sponsorship, approval, characteristics, uses, and benefits (i.e., that the Products are appropriate for children) that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

16

89.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By using the four years old and up Representation on the front label of the Products, Defendant has represented and continues to represent that the Products are of a particular standard, quality, or grade (i.e., that the Products are appropriate for children) that they do not meet. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

90.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By using the four years and up Representation on the front label of the Products, and not delivering Products that are appropriate for children ages four and above, Defendant has advertised the Products with characteristics it intended not to provide to consumers. As such, Defendant has violated section 1770(a)(9) of the CLRA.

91.    At all relevant times, Defendant has known or reasonably should have known that the age-appropriate Representation on the front label of the Products is false and deceptive, and that Plaintiff and other members of the Class would reasonably and justifiably rely on this representation when purchasing the Products. Nonetheless, Defendant deceptively advertises the Products as such in order to deceive consumers into believing the Products were age appropriate.

92.    Plaintiff and members of the Class have justifiably relied on Defendant's misleading representations and omissions when purchasing the Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of the Class.

93.    Plaintiff and members of the Class have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly

less for the Products, or would not have purchased them at all, had they known that the Products were not appropriate for children ages four and up.

94.    Under Cal. Civ. Code § 1780(a), Plaintiff and Class members currently seek injunctive relief for Defendant's violations of the CLRA.

## COUNT VI

**Violation of California's False Advertising Law California Business & Professions Code § 17500, et seq**

95.    Plaintiff incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

96.    Plaintiff brings this count on behalf of herself and the Class pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.

97.    The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

98.    Defendant has represented to the public, including Plaintiff and members of the Class, through its deceptive labeling and advertising, that the Products are suitable for children ages four and above. Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representations were and continue to be misleading, Defendant has violated the FAL.

99.    Moreover, Defendant omitted material facts that it was required to disclose by failing to include the fact that the Products were not age appropriate because they were formulated with a link to a pornographic website. Defendant had a duty to disclose such facts because they are contrary to the affirmative age-appropriate Representations. Defendant knows, knew, or should have known through the exercise of reasonable care that the omissions were and continue to be misleading.

100.    As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Class. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of the Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Class may be irreparably harmed and/or denied an effective and complete remedy.

## COUNT VII
### Violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, et seq.

101.    Plaintiff incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

102.    Plaintiff brings this count on behalf of herself and the Class.

103.    The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

104.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Products was and continues to be "unlawful" because it violates the CLRA

the FAL. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff and members of the Class.

105.   Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the Products' labeling. Deceiving consumers into believing they will receive Products that are appropriate for children ages four and up, even though they most certainly are not. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the Class.

106.   Under the UCL, a business act or practice is "fraudulent" if it deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing the Products are appropriate for children aged four and above. Because Defendant misled Plaintiff and members of the Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the Class.

107.   Plaintiff requests that the Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to her, and members of the Class, to disgorge the profits Defendant made on these transactions, and to enjoin

20

Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Class may be irreparably harmed and/or denied an effective and complete remedy.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class, alleged herein, respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Class and Plaintiff's attorneys as Class Counsel;

b. For an order declaring the Defendant's conduct violates the causes of action referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For injunctive relief as pleaded or as the Court may deem proper; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

i. Such other relief as this Court deems just and proper.

[SIGNATURE ON FOLLOWING PAGE]

Dated: December 3, 2024                    Respectfully submitted,

**POULIN | WILLEY | ANASTOPOULO, LLC**

By:   /s/ *Eric M*. *Poulin*
Eric M. Poulin
CA Bar Number: 298476
Roy T. Willey, IV*
eric.poulin@poulinwilley.com
roy@poulinwilley.com
cmad@poulinwilley.com
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536

\* *Pro Hac Vice* Forthcoming